The Talus Group,

        Plaintiff,

v.                                                    **ORDER**

Jared Ostrander, John
Franxman, and Topologe, LLC,

        Defendants.

      Jeffrey W. Post, Esq., Patrick D.J. Mahlberg, Esq. and
      Fredrikson & Byron, P.A., 200 South Sixth Street, Suite
      4000, Minneapolis, MN 55402, counsel for plaintiff.

      Jeff H. Eckland, Esq., Kate H. Kennedy, Esq. and Eckland
      & Blando, LLP, 10 South Fifth Street, Suite 500,
      Minneapolis, MN 55402, counsel for defendants.


     This matter is before the court upon the motion of plaintiff
The Talus Group, Inc. ("Talus Group") to remand to state court and
defendants' motion to dismiss.  Based on a review of the file,
record and proceedings herein, and for the following reasons, the
court grants Talus Group's motion in part.


## BACKGROUND

     Talus Group commenced this action on February 12, 2010, in
Minnesota state court against two former employees, defendants
Jared Ostrander ("Ostrander") and John Franxman ("Franxman") and
their new employer, defendant Topologe, LLC ("Topologe").  In a
March 4, 2010, amended complaint, Talus Group asserted claims for

breach of contract and the duty of loyalty against Franxman and Ostrander, and tortious interference with contract against Topologe. The amended complaint noted that Talus Group is a Minnesota corporation with its principal place of business in Minnesota, Franxman is a citizen of Minnesota, Ostrander is a citizen of Wisconsin, and Topologe is a Massachusetts limited-liability corporation with its principal place of business in Massachusetts. (Am. Compl. ¶¶ 1-4.)

Topologe removed the action to this court on March 11, 2010, on the basis of diversity jurisdiction. On April 5, 2010, Talus Group moved to remand the case to state court due to lack of subject matter jurisdiction. The court now considers Talus Group's motion.

## DISCUSSION

### I. Standard of Review

Federal courts are "courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute." <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994). A claim may be removed to federal court "only if it could have been brought in federal court originally." <u>Peters v. Union Pac. R.R. Co.</u>, 80 F.3d 257, 260 (8th Cir. 1996). Pursuant to 28 U.S.C. § 1332, diversity jurisdiction requires an amount in controversy greater than $75,000 and complete diversity of

citizenship. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." <u>Onepoint Solutions, LLC v. Borchert</u>, 486 F.3d 342, 346 (8th Cir. 2007).

The party invoking federal jurisdiction bears the burden of proving that the prerequisites to jurisdiction are satisfied. <u>See</u> <u>In re Bus. Men's Assur. Co.</u>, 992 F.2d 181, 183 (8th Cir. 1993). Jurisdiction is determined based upon "[t]he allegations of the complaint as set forth at the time the petition for removal was filed." <u>Crosby v. Paul Hardeman, Inc.</u>, 414 F.2d 1, 3 (8th Cir. 1969). Because the removal statutes impede upon states' rights to resolve controversies in their own courts, such statutes must be strictly construed. <u>See</u> <u>Nichols v. Harbor Venture, Inc.</u>, 284 F.3d 857, 861 (8th Cir. 2002). Therefore, although a defendant has a statutory right to remove when jurisdiction is proper, the plaintiff remains the master of the claim, and any doubts about the propriety of removal are resolved in favor of remand. <u>See</u> <u>Bus. Men's Assur. Co.</u>, 992 F.2d at 183.

## II. Fraudulent Joinder

In the instant case, complete diversity does not exist because Talus Group and Franxman are Minnesota citizens. Topologe argues, however, that Talus Group fraudulently joined Franxman as a defendant. "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant

solely to prevent removal." <u>In re Prempro Prods. Liab. Litig.</u>, 591 F.3d 613, 620 (8th Cir. 2010) (citation omitted). In analyzing whether a party is fraudulently joined, the court "focuses only on whether a plaintiff might have a colorable claim under state law against a fellow resident." <u>Wilkinson v. Shackelford</u>, 478 F.3d 957, 964 (8th Cir. 2007) (citation and quotation omitted). In other words, "[a] joinder is fraudulent only when there exists no reasonable basis in fact and law supporting a claim against the resident defendant[]." <u>Id.</u> (citation and internal quotation marks omitted).

Topologe argues that no reasonable legal basis supports Talus Group's claims against Franxman because Talus Group failed to mediate those claims before commencing the state court action. In support, Topologe cites Franxman's employment agreement with Talus Group, which provides:

> YOU fully understand and agree that except for worker's compensation claims, YOU will, in the interest of attempting in good faith to fairly and efficiently resolve disputes, submit any and all complaints and/or claims arising out of or related to YOUR employment with the COMPANY and/or YOUR separation from employment with the COMPANY to mediation. Such submission shall occur either during or after your employment with the COMPANY.

(Am. Compl. Ex. B ¶ 7 (emphasis in original).) According to Topologe, this provision imposes a mutual obligation on Talus Group and Franxman to mediate all claims arising out of their employment relationship. Topologe asserts that Talus Group's failure to

mediate precludes its assertion of claims against Franxman and, consequently, Talus Group fraudulently joined Franxman in this action.

In response, Talus Group argues that the employment agreement only imposed a duty to mediate on Franxman. Talus Group notes that the employment agreement referred to Franxman as "EMPLOYEE or YOU" and to Talus Group as the "COMPANY or TTG". (<u>Id.</u> Ex. B at 1 (emphasis in original).) The agreement further provided that "Y[OU] agree that mediation is a precondition to YOU commencing a civil action against the COMPANY." (<u>Id.</u> Ex. B ¶ 7 (emphasis in original).) Therefore, Talus Group argues, the plain and unambiguous language of the employment agreement obligates Franxman to mediate claims against Talus Group before commencing litigation. However, the agreement does not impose a reciprocal obligation on Talus Group.

Topologe argues, however, that Franxman's duty to mediate cannot be unilateral because Franxman could not fulfill this duty unless the employment agreement also obligated Talus Group to mediate. Topologe also asserts that broad mediation clauses, such as the one at issue here, must be construed in favor of mediation. Talus Group responds that these arguments are unavailing because they disregard the plain language of the employment agreement and rely on case law concerning arbitration, not mediation.

After carefully considering the parties' arguments, the court determines that Talus Group has asserted a colorable claim against Franxman. Specifically, Talus Group reasonably alleges that the employment agreement did not require it to mediate its claims against Franxman prior to commencing this suit. Accordingly, the court determines that Talus Group did not fraudulently join Franxman. Consequently, the court lacks subject matter jurisdiction over this case, and remand is required.

## III.  Costs and Attorneys' Fees

Talus Group asks the court to award the costs and attorneys' fees it incurred in bringing this motion. Pursuant to 28 U.S.C. § 1447(c), the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Such costs "should be awarded only where the removing party lacked an objectively reasonable basis for seeking removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005). In this case, although unmeritorious, Topologe's arguments in support of removal were not unreasonable. Therefore, the court denies Talus Group's motion with respect to its request for costs and attorneys' fees.

**CONCLUSION**

Based on the above **IT IS HEREBY ORDERED** that:

1.    Talus Group's motion to remand to state court [Doc. No. 12] is granted in part, and;

2.    Defendants' motion to dismiss [Doc. No. 6] is denied as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 25, 2010

s/David S. Doty_____
David S. Doty, Judge
United States District Court